**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RONALD T. SEAWORTH,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY;

THOMAS JUAREZ;

JAMES APPLEWHITE; and

TED MIKAIL,

Defendants.

Civil No. 25-1463 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER
DISMISSING CASE FOR LACK OF SUBJECT
MATTER JURISDICTION**

Ronald T. Seaworth, 17381 170th Avenue Southwest, Red Lake Falls, MN 56750, pro se Plaintiff.

Gregory Dylan Lee, II and Scott G Williams, **HAWS-KM, P.A**., 30 East Seventh Street, Suite 3200, Saint Paul, MN 55101, for Defendants.

Plaintiff Ronald T. Seaworth hit a deer with his car in March 2025 and then sought repair costs from his insurance company, State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiff disagreed with State Farm's determination that the damage to his automobile resulted in a total loss and filed a complaint against State Farm and three of its employees seeking compensatory damages, damages for bad faith and unlawful settlement practices, treble damages for the "wicked conduct" of Defendants,

and punitive damages.  (Compl. at 8–9, Apr. 14, 2025, Docket No. 1.)  Defendants have moved for Judgment on the Pleadings, under Federal Rule of Civil Procedure 12(c), seeking dismissal of the case with prejudice.  (Mot. J. Pleadings, Aug. 11, 2025, Docket No. 28; Defs.' Mem. Supp. Mot. J. Pleadings, Aug. 11, 2025, Docket No. 30.)  Because the Court determines that the amount in controversy is less than $75,000 and it does not have subject matter jurisdiction, it will grant Defendants' motion in part and will dismiss this case without prejudice.

## BACKGROUND

### I.    FACTS

Seaworth hit a deer with his car, a 2022 Honda Sport, on March 11, 2025.  (Compl. at 4.)  He obtained a repair estimate for the damage of $24,292.62.  (*Id.*)  He also sought estimates from multiple dealerships for what he alleges are similar cars to determine the replacement cost of his vehicle.  (*Id.* at 5 & Ex. A, Ex. B, Ex. C.)  Plaintiff alleges that the replacement cost of his vehicle is approximately $35,000.  (*Id.* at 5.)

Seaworth filed a claim with his insurance company, State Farm.  (*See id.* at 4–5.)  State Farm's claims specialists, Thomas Juarez and Ted Mikail, determined that Seaworth's car was a "total loss."  (*Id.* at 2, 5.)  Thomas Juarez and Ted Mikail report to James Applewhite.  (*Id.* at 2.)  Plaintiff alleges that Juarez, Mikail, and Applewhite "absolutely and unequivocally refuse to pay to repair" his automobile.  (*Id.* at 5.)

Seaworth disagreed with State Farm's determination that his car had met the 80% threshold for a total loss. (*Id.*)[1]

## II.   PROCEDURAL HISTORY

Seaworth filed his Complaint on April 15, 2025. (Docket No. 1.) He seeks "[a]ctual compensatory damages" of $24,292.62 to cover the cost of repairs to his automobile; "$100.00 per day storage" for his automobile, "from March 17, 2025 to the end of the case"; and $500.00 per month for lack of use of Plaintiff's automobile[.]" (*Id.* at 8.)

Seaworth also seeks "treble damages for fraud" which he alleges were approximately $83,377.43 as of April 10, 2025, as well as $300,000 each from Defendants Juarez, Mikail, and Applewhite. (*Id.*) Seaworth also seeks "punitive damages" from State Farm of $7,500,000. (*Id.* at 9.)

Seaworth alleges that Defendants violated Minnesota state law in determining that his car was a total loss. (*Id.* at 5 (citing Minn. Stat. § 168A.01, subdivision 17b).)

### DISCUSSION

## I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

---

[1] Although not included in his Complaint, Seaworth notes in his Response to Defendants' motion that State Farm did offer him a cash settlement of $27,057 which Seaworth alleges is not "based upon the actual cost of purchase of a comparable vehicle." (*See* Pl.'s Resp. Opp. at 7, Sept. 18, 2025, Docket No. 49.)

"Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991).

For a court to have subject matter jurisdiction over a diversity case, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). "A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (citation modified). "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." *Id.* (quoting *Kopp v. Kopp*, 280 F.3d 883, 884-85 (8th Cir. 2002)).

## II.    ANALYSIS

The Court concludes that it lacks subject matter jurisdiction because the asserted compensatory damages are less than $75,000 and the other damages Seaworth claims could not legally be awarded. The Court will address each type of alleged damages in turn.

### A.    Compensatory Damages

Seaworth seeks compensatory damages of $24,292.62 for damage to his automobile. (Compl. at 8.) In addition, he seeks $100.00 per day for "storage" of his automobile and $500.00 per month for "lack of use" his automobile from March 17, 2025. (*Id.*) Although Seaworth seeks damages from March 17, 2025 until "the end of the case"

(*id.*), the amount in controversy for subject matter jurisdiction is determined at the time that an action is commenced in a federal court. *E.g.*, 14B Fed. Prac. & Proc. Juris. § 3706 (5th ed.).

Seaworth filed his Complaint on April 15, 2025. (Docket No. 1.) Thus, the amount of compensatory damages at the time this action was commenced were less than $30,000 ($24,292.62 + 29 days($100/day) = $27,192.62).

Seaworth argues these damages should be trebled, making the amount in controversy "approximately $83,377.43" as of April 10, 2025. (Compl. at 8.) But Seaworth has identified no statutory authority why treble damages would be recoverable in this case. Defendants argue that "[n]o statutory authority allows recovery of treble damages in this case" (Defs.' Mem. Supp. Mot. J. Pleadings at 15), and Seaworth provided no authority in his Response (*see* Pl.'s Resp. Opp. Mot. J. Pleadings, Sept. 18, 2025, Docket No. 49). Because Seaworth provides no authority to support the trebling of damages, the Court maintains that the total amount of compensatory damages is less than $30,000. *Kopp*, 280 F.3d at 885 ("If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence.").

### B.   Bad Faith Damages, Unlawful Settlement Practices, and Conspiracy

Seaworth seeks $100,000 from each of Defendants Juarez, Mikail, and Applewhite for "bad faith, unlawful settlement practices and conspiring with other Defendants[.]" (Compl. at 8.) Seaworth further argues that these damages should be trebled "due to the

-5-

wicked conduct" of each Defendant.  (*Id.*)  The Court determines that sufficient damages to establish subject matter jurisdiction could not be awarded on any of these grounds.

### 1.    Bad Faith

Seaworth identifies no statutory support for "bad faith" damages, but the Court assumes that Minn. Stat. § 604.18, Insurance Standard of Conduct, applies.  Section 604.18 provides that a court may award an insurer "taxable costs . . . if the insured can show . . . the absence of a reasonable basis for denying the benefits of the insurance policy[.]"  Minn. Stat. § 604.18, subd. 2(a).[2]

As an initial matter, subdivision 4(a) of § 604.18 bars a complaint from including a claim for bad-faith denial of insurance benefits.  "Upon commencement of a civil action by an insured against an insurer, the complaint must not seek a recovery under this

---

[2] The Defendants argue that the claim could not have been not denied within the meaning of the statute because State Farm did not deny the whole claim.  The Court declines to exclude the damages on this ground alone because at least in some jurisdictions, "[a]n insurer that otherwise concedes its responsibility to pay a claim brought under an automobile insurance policy may nonetheless incur liability for bad faith if it fails to pay the full amount of the insured's claim."  3 Am. Jur. *Proof of Facts* 3d 751, § 7 (1989).

section."  Minn. Stat. § 604.18, subd. 4.[3]  For at least this reason, the Court is reluctant to include any "bad faith" damages in its calculation of damages sufficient to support the amount in controversy for purposes of subject matter jurisdiction.

Second, it is unclear how one would compute damages under § 604.18 to support the amount in controversy for purposes of subject matter jurisdiction.  Under § 604.18, "the court may award an insured . . . an amount equal to one-half of the proceeds awarded that are in excess of an amount offered by the insurer **at least ten days before the trial begins** or $250,000, **whichever is less**."  *Id.*, subd. 3(a) (emphasis added).

---

[3] Subdivision 4(a) further provides that:

> [a]fter filing the suit, a party may make a motion to amend the pleadings to claim recovery of taxable costs under this section.  The motion must allege the applicable legal basis under this section for awarding taxable costs under this section, and must be accompanied by one or more affidavits showing the factual basis for the motion.  The motion may be opposed by the submission of one or more affidavits showing there is no factual basis for the motion.  At the hearing, if the court finds prima facie evidence in support of the motion, the court may grant the moving party permission to amend the pleadings to claim taxable costs under this section.

Minn. Stat. § 604.18, subd. 4(a).  Other courts in this district have found that § 604.18 conflicts with Federal Rule of Civil Procedure 8, which "provides that a complaint 'must contain' both 'a short and plain statement of the claim showing that the pleader is entitled to relief' and 'a demand for the relief sought.'"  *Selective Ins. Co. of S.C. v. Sela*, 353 F. Supp. 3d 847, 857 (D. Minn. 2018).  The Court nevertheless finds that Seaworth's failure to provide any supporting legal basis for awarding taxable costs under § 604.18, particularly after Defendants challenged his allegations of the amount in controversy, supports the Court's conclusion not to include Seaworth's alleged amounts in calculating the amount in controversy for jurisdictional purposes.

Since it is unclear how much the Court could reasonably include as the amount for bad faith damages under Minn. Stat. § 604.18 since the Court has no visibility to the amount that has been offered by the insurer to settle Seaworth's claims since this case began, the Court will decline to consider the amount when calculating the damages available to support the amount in controversy.

### 2.      Unlawful Settlement Practices

With respect to unlawful settlement practices, Seaworth cites to Minnesota Statute § 72A.201.  This statute is part of Minnesota's Unfair Claims Practices Act (Minn. Stat. §§ 72A.17–.32)—a statute that does not confer a private cause of action.  *Morris v. Am. Family Mut. Ins. Co.*, 386 N.W.2d 233, 238 (Minn. 1986) ("[A] private person does not have a cause of action for a violation of the Unfair Claims Practices Act.").  Accordingly, Seaworth cannot claim any damages that would be obtained under this statute.

### 3.      Conspiracy

To the extent Seaworth attempts to allege a conspiracy claim against Defendants Juarez, Mikail, and Applewhite, the Court finds that Seaworth did not even include a formulaic recitation of the elements of that cause of action much less facts to support those elements.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Buetow v. A.L.S. Enterprises, Inc.*, 564 F. Supp. 2d 1038, 1041 (D. Minn. 2008) ("[A] plaintiff cannot simply incant the magic words 'conspiracy' or 'agreement' in order to adequately plead a conspiracy claim.").

Because this claim is not adequately pled, the Court finds that no fact finder could legally award damages for it.  *See Kopp*, 280 F.3d at 885 (noting jurisdiction is measured by "the amount properly pleaded").

### C.      Punitive Damages

Although punitive damages can be included in the amount in controversy, "the existence of the required amount must be supported by competent proof."  *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (citation omitted).  Moreover, damages that are barred by law cannot be included in an amount-in-controversy calculation.  *See Kopp*, 280 F.3d at 885.

To the extent that Seaworth is seeking bad faith damages, punitive damages are statutorily unavailable.  Minn. Stat. § 604.18, subd. 3(b) ("An insured may not also recover punitive or exemplary damages or attorney fees under section 8.31 for a violation of this section.").

Moreover, the Complaint lacks any proof supporting the amounts associated with Seaworth's punitive damages, nor has Seaworth alleged a legal basis for awarding punitive damages.  *Cf. OnePoint Sols.*, 486 F.3d at 348 (noting that a plaintiff seeking to amend a complaint to add a claim for punitive damages "must allege the legal basis for awarding punitive damages").

The Court will, therefore, decline to include the alleged punitive damages amounts in Seaworth's Complaint when determining the amount in controversy.

**CONCLUSION**

Because only Seaworth's compensatory damages are available to support the amount in controversy, the Court finds that the total amount in controversy is less than $75,000, and it determines that it lacks subject matter jurisdiction.  The Court will, therefore, dismiss the Complaint without prejudice.[4]  The Court declines to address the other grounds for dismissal provided in Defendants' briefing or whether this action could be brought in state court.  Seaworth's other pending motion will be dismissed as moot.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendants' Motion for Judgment on the Pleadings (Docket No. [28]) is **GRANTED in part** to the extent that the present action is **DISMISSED without prejudice** and **DENIED in part** to the extent that Defendants sought dismissal with prejudice.

2.  Plaintiff Ronald T. Seaworth's Motion for Sanctions (Docket No. [63]) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

[4] A dismissal without prejudice means that Seaworth may refile his Complaint, but for his new complaint to survive, Seaworth must fix the deficiencies and defects in his claims that were noted in this Order.

-11-

DATED: March 11, 2026                          _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                              United States District Judge